UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THE TRUSTEES OF THE UNITED
TEAMSTER FUND, THE TRUSTEES OF
THE UNITED TEAMSTER PENSION FUND
"A," and THE TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "D,"

                                      Plaintiffs,

  -against-

J.B. TEA MUFFLERS, INC. and ROBERT
FISCHER,

                                       Defendants.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION

07 CV 1425 (SJ)(RML)

LEVY, United States Magistrate Judge:

        By order dated October 5, 2007, the Honorable Sterling Johnson, Jr., United States District Judge, referred plaintiffs' motion for entry of a default judgment to me to conduct a damages inquest and issue a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion for default judgment be granted and that their application for damages be granted in part and denied in part. As to the portions of plaintiffs' motion that should be granted, I recommend that they be awarded a total of $15,968.45 plus interest on $7,695 in unpaid contributions.

## BACKGROUND AND FACTS

        On April 5, 2007, plaintiffs Trustees of the United Teamster Fund, Trustees of the United Teamster Pension Fund "A," and Trustees of the United Teamster Pension Fund "D" ("plaintiffs")[1] brought this action, pursuant to section 502 of the Employee Retirement Income

---

[1] Plaintiffs are trustees of the United Teamster Fund, the United Teamster Pension Fund
(continued...)

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947 ("LMRA"), Id. § 185(a), against defendants J.B. Tea Mufflers, Inc. ("J.B. Tea") and Robert Fischer, the principal and corporate officer of J.B. Tea (collectively, "defendants"). (Complaint, dated Apr. 5, 2007, ¶¶ 1, 7 ("Compl.").)

During all relevant periods, the International Brotherhood of Teamsters, AFL-CIO, Local 202 and J.B. Tea were parties to a collective bargaining agreement ("CBA") governing, *inter alia*, the wages, hours, benefits, and working conditions of three J.B. Tea employees. (Compl. ¶ 8.) Schedule A, sections 6 and 7 of the CBA require J.B. Tea to make monthly contributions to the United Teamster Welfare Fund and the United Teamster Pension Fund "D," respectively, on behalf of its employees. (See Affirmation of Milo Silberstein in Support of Plaintiffs' Application for Damages, dated Nov. 14, 2007 ("Silberstein Aff."), Ex. C at 16-18.) Similarly, schedule A, section 7b mandates that J.B. Tea remit an hourly contribution for 160 hours per month on behalf of the covered employees. (See Silberstein Aff. Ex. C at 17.)

In or around May 2006, the New York State Employment Relations Board entered an arbitration consent award (the "Consent Award") against J.B. Tea for past-due contributions owed to the Funds for the period of August 2005 through April 2006 and attendant damages. (Silberstein Aff. Ex. D.) The Consent Award obliged J.B. Tea to make monthly

---

[1](...continued)
"A," and the United Teamster Pension Fund "D" (the "Funds"). (Complaint, dated Apr. 5, 2007, ¶¶ 5, 8. ("Compl.")) The Funds constitute "employee benefit plans" established pursuant to section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186(c)(5), within the meanings of sections 3(1)-(3) and 502(d)(1) of Employee Retirement Income Security Act of 1974 ("ERISA"), Id. §§ 1002(1)-(3) & 1132(d)(1), and are multi-employer plans as defined in ERISA sections 3(37) and 515, Id. §§ 1002(37) & 1145. (Compl. ¶ 12.)

payments to the Funds commencing on June 1, 2006 in the cumulative amount of $17,200. Defendant Fischer personally guaranteed $4,620 of the monies owed the Funds. (See Silberstein Aff. Ex. D.) In addition, the Consent Award required J.B. Tea to remain current in its monthly Fund contributions. (See Silberstein Aff. Ex. D.) Plaintiffs contend that J.B. Tea subsequently defaulted after failing to make its December 2006 and January 2007 Consent Award payments and not remaining current in its Fund contributions, as required by the CBA and Consent Award. (Silberstein Aff. ¶¶ 16-17.)

On April 12, 2007, plaintiffs served the Summons and Complaint for the present action on J.B. Tea at its actual place of business by substituted service upon Robert Fischer, a managing agent of the company. Plaintiffs also personally served the Summons and Complaint on Robert Fischer at his place of business. The next day, plaintiffs personally served a copy of the Summons and Complaint upon Carol Vogt, a Clerk in the Office of the New York Secretary of State, in Albany, New York. Defendants did not answer the Complaint or otherwise move against the Complaint as of May 2, 2007, as required by the Federal Rules of Civil Procedure. On or around May 9, 2007, plaintiffs applied to this Court for a default judgment against defendants, and on October 3, 2007, the Clerk of the District Court entered a Certificate of Default against defendants. (Silberstein Aff. Ex. E.) See Fed. R. Civ. P. 55. Plaintiffs then filed a Proposed Motion for Default Judgment with respect to defendants on October 11, 2007. Plaintiffs filed an inquest submission dated November 13, 2007 (See Silberstein Aff.), but defendants again failed to respond. To date, the court has received no communication from defendants.

**DISCUSSION**

Plaintiffs have demonstrated that defendants were properly served with the Summons and Complaint. In addition, a Clerk's Certificate confirms that defendants have not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate of Default Against Defendants, dated Oct. 3, 2007). I therefore recommend that plaintiffs' motion for a default judgment be granted.

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of New York City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." LaBarbera v. Golden Vale Constr. Group, No. 06 CV 0813, 2007 WL 2071565, at *3 (E.D.N.Y. July 17, 2007) (quoting Levesque v. Kelly Commc'ns, Inc., No. 91 CV 7045, 1993 WL 22113, at *4 (S.D.N.Y. Jan. 25, 1993) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974))) (quotation marks omitted). Plaintiffs set forth the following claims:

**1. The Consent Award**

Plaintiffs wish to recover $3,357.20 for the missed December 2006 and January 2007 payments that J.B. Tea owes the Funds pursuant to the Consent Award. (Silberstein Aff. ¶¶ 28-32; see Compl. ¶ 2; Silberstein Aff. Ex. D.) This figure encompasses the two $1,500 per month contributions, the $80 penalty previously assessed in the Consent Award, and a nine percent interest rate penalty applied to the sum of these numbers as mandated by the Consent

4

Award for breach of the arbitration agreement. After examining the Consent Award and plaintiffs' calculations, I find the sum accurate and respectfully recommend that plaintiffs be awarded $3,357.20 for the two defaulted payments.

**2. Recovery of Principal, Interest, & Liquidated Damages Under ERISA**

Plaintiffs also desire to recover the principal, interest, and liquidated damages for the health and welfare fund contributions that J.B. Tea failed to remit from November 2006 through March 2007 in accordance with the CBA, as well as missed pension contributions for November 2006. (Silberstein Aff. ¶¶ 34, 38-39.) "An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds v. Linden Realty Assocs., No. 94 CV 1358, 1995 WL 302454, at *4 (E.D.N.Y. May 8, 1995) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990); Berry v. Garza, 919 F.2d 87 (8th Cir. 1990); Winterrowd v. David Freedman & Co., 724 F.2d 823 (9th Cir. 1984)). Section 502(g)(2) of ERISA authorizes plaintiffs to recover:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions [and]
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan
>     in an amount not in excess of 20 percent . . . of the
>     amount determined by the court under subparagraph
>     (A) . . . .

§ 1132(g)(2). Section 1332(g) thus creates a mandatory right to interest and liquidated damages "in any case in which a judgment in favor of the plan is awarded." Trs. of the Bldg. Servs. 32B-J, Pension, Health & Annuity Funds, 1995 WL 302454, at *7; see also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1039 (E.D.N.Y. 1993) (citing Benson, 726 F. Supp. at 36;

5

McDonald v. Centra, Inc., 946 F.2d 1059, 1065 (4th Cir. 1991); Mich. Carpenters Council v. C.J. Rogers, Inc., 933 F.2d 376 (6th Cir. 1991); Idaho Plumbers & Pipefitters v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)).

As of October 2006, J.B. Tea was submitting monthly health and welfare contributions for its three CBA-covered employees cumulatively worth $1,500 and pension contributions totaling $195. (Silberstein Aff. ¶ 35.) Using the last documented month as a guideline, J.B. Tea owes plaintiffs $7,500 for the five months of missed health and welfare contributions and $195 in pension contributions, amounting to a principal of $7,695. See § 1132(g)(2)(A); cf. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment") (citation omitted) (brackets in original).

J.B. Tea must also provide plaintiffs with interest on the aforementioned principal. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." § 1132(g)(2). In this case, because the CBA sets forth no interest rate, plaintiffs shall receive interest as calculated pursuant to 26 U.S.C. § 6621. According to this statute, the applicable interest rate "shall be the sum of – (A) the Federal short-term rate established under subsection (b), plus (B) 3 percentage points." 26 U.S.C. § 6621(a)(2). After determining the short-term interest rates for the applicable periods and following the guidelines of subsection (b), I find that an interest rate

of eight percent per year should be applied to the principal. See § 6621(b). However, because interest continues to accrue on all outstanding principal through the date of entry of judgment, I cannot recommend a specific interest award at this time.

Pursuant to § 1132(g)(2)(C)(ii), plaintiffs also request liquidated damages equal to twenty percent of the principal due. (Silberstein Aff. ¶ 39.) However, plaintiffs do not point to, nor can I find, any provision for liquidated damages in the CBA. Consequently, § 1132(g)(2)(C)(ii) does not apply to the present matter, and I recommend that plaintiffs receive liquidated damages equivalent to the "interest on the unpaid contributions." § 1132(g)(2)(C)(i) (defining liquidated damages where CBA is silent on issue). Again, because interest continues to accrue on all outstanding principal through the date of entry of judgment, I cannot recommend a specific liquidated damages award at this time.

### 3. Legal Fees & Other Costs

Pursuant to section 502(g)(2)(D) of ERISA and paragraph 4 of the Consent Award, plaintiffs wish to recover $9,832.50 in attorney's fees and $350 in court filing fees. See 29 U.S.C. §1132(g)(2)(D). (See Silberstein Aff. ¶¶ 40, 43 & Ex. D.) Plaintiffs support their fee request with contemporaneous time records. (See Silberstein Aff. Ex. G.)

"The determination of a reasonable fee award under Section 1332(g)(2)(D) of ERISA lies within the sound discretion of the district judge." Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997) (quotation marks omitted); see also Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). In calculating a "presumptively reasonable" fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client

7

would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, No. 06 CV 0086, 2008 WL 961313, at *1 (2d Cir. Apr. 10, 2008). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, I find plaintiffs' counsel's average hourly rates of $250 for a law firm partner, $175 for an associate, and $125 for a law school graduate reasonable and in line with rates awarded in this area to counsel with comparable experience. See, e.g., LaBarbera v. D & R Materials, Inc., No. 06 CV 2100, 2007 WL 1041666, at *4 (E.D.N.Y. Apr. 3, 2007) (finding rate of $340 per hour reasonable in default ERISA case); King v. STL Consulting, LLC., No. 05 CV 2719, 2006 WL 3335115, at *7-8 (E.D.N.Y. Oct. 3, 2006) (awarding fees for senior partner's time in default ERISA case at rate of $275 per hour).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that such fees are reasonable. See McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix Corp., No. 93 CV 0569, 1996 WL 75290, at *7 (E.D.N.Y. Feb. 7, 1996) (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiffs' counsel expended a total of 49.8 hours on this

case and seek $9,832.50 in attorney's fees. (See Silberstein Aff. Ex. G at 20.) Counsel's work on this case included drafting and editing the complaint, conducting legal research, drafting correspondence, and preparing default judgment submissions.

I find the 49.8 hours excessive. Although portions of this case were reasonably time consuming, this action constituted a mostly straightforward and routine ERISA matter. This motion is unopposed, the activities reflected on the docket sheet are not complex, and many of the tasks listed on the time sheets were duplicative. See Del Turco v. Taylor Tile Co., No. 03 CV 5543, 2007 WL 2581882, at *6 (E.D.N.Y. Aug. 6, 2007); see also LaBarbera v. David Liepper & Sons, Inc., No. 06 CV 1371, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.17 hours reasonable in ERISA default judgment case). Moreover, plaintiffs' filings in this case were skeletal and devoid of record or legal support for their conclusions, which caused the court to expend its own time to conduct legal research and calculate interest rates and other figures accurately.

Where, as here, the application for fees is voluminous, the court may order an across-the-board percentage reduction in compensable hours. "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (explaining that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'") (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)); see also U.S. Football League v. Nat'l Football League, 887 F.2d 408, 415 (2d Cir. 1989) (approving percentage reduction of total fee award to account for vagueness in documentation of certain time entries). I find a fifty percent reduction in plaintiffs' counsel's total fee request sufficient to trim the extra fat and account for the various filing deficiencies.

9

See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998); Bridges v. Eastman Kodak Co., 91 Civ. 7985, 1996 WL 47304, at *3-4 (S.D.N.Y. Feb. 6, 1996), aff'd, 102 F.3d 56 (2d Cir. 1996). Accordingly, I recommend a fee award of $4,916.25.

Plaintiffs also seek costs in the amount of $350. (See Silberstein Aff. ¶ 43.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (quotation marks omitted). "A prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead." N.Y. State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990), aff'd in part, rev'd in part on other grounds, 961 F.2d 390 (2d Cir. 1992), judgment vacated on other grounds sub nom. Pearson v. Planned Parenthood Margaret Sanger Clinic (Manhattan), 507 U.S. 901 (1993). Here, I find the amount reasonable and, therefore, respectfully recommend that plaintiffs be awarded $350 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendants and that plaintiffs be awarded a total of $15,968.45 plus sixteen percent interest per annum on unpaid contributions of $7,695. This figure encompasses principal contributions, delinquency charges, liquidated damages, attorney's fees, and costs. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Johnson and to my chambers, within ten business days. Failure to file

objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

Dated: Brooklyn, New York
April 23, 2008

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge